IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES, et al., *ex rel.* JEAN BRASHER, : : : | |
| Plaintiff, : | No. 13-CV-5745 |
| v. : : | |
| PENTEC HEALTH, INC., : : | |
| Defendant. : | |

## JOINT STIPULATION OF DISMISSAL[1]

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b)(1), and in accordance with the terms and conditions of the Settlement Agreement (the "Agreement") effective on February 4, 2019 by and between the United States Attorney for the Eastern District of Pennsylvania, the Office of Inspector General of the Department of Health and Human Services, the Defense Health Agency, the Office of Personnel Management, the Veterans Administration and the Department of Defense (collectively, the "United States"), relator Jean Brasher ("Relator"), and defendant Pentec Health, Inc., ("Pentec") (collectively the "Parties") hereby stipulate, through their undersigned counsel, to the dismissal of Civil Action No. 13-cv-5745 (the "Civil Action"), as follows:

---

[1] The majority of States named in Relator's Complaint (California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Louisiana, Massachusetts, Michigan, Minnesota, Montana, North Carolina, New Jersey, Nevada, New Mexico, New York, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, Wisconsin, and the District of Columbia) are not in a position to sign onto this stipulation (or issue their own independent stipulations) at this time because the States are still gathering final approvals. However, the States are filing a Notice of Declination for the claims in the Civil Action (for which they have approvals) and will file their own stipulation of dismissal when they receive final approvals. By statute, Maryland's Notice of Declination acts as a dismissal.

1. All of Relator's claims in the Civil Action are dismissed with prejudice pursuant to and consistent with the terms and conditions of the Agreement;

2. The United States' claims as to the Covered Conduct defined in the Agreement shall be dismissed with prejudice pursuant to and consistent with the terms and conditions of the Agreement;

3. The United States' claims pertaining to any conduct not included within the Covered Conduct shall be dismissed without prejudice pursuant to and consistent with the terms and conditions of the Agreement;

4. The Court will retain jurisdiction _for a period of ✓ (five) years_ ① over any disputes that may arise regarding compliance with the Agreement.

① Unless extended by the court after notice and hearing.

_/s/_

SO STIPULATED:

DATED: 2/4/19   BY: WILLIAM M. McSWAIN
United States Attorney

GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

CHARLENE KELLER FULLMER
Assistant United States Attorney
Deputy Chief, Civil Division

JACQUELINE C. ROMERO
Assistant United States Attorneys
*Counsel for the United States of America*

DATED: 2/4/19   BY: BARRY D. ALEXANDER, ESQ.
Polsinelli, P.C.
*Counsel for Defendant Pentec Health, Inc.*

DATED: 2/4/19   BY: Michael J. Engle
Stradley Ronon Stevens & Young, LLP
*Counsel for Defendant Pentec Health, Inc.*

DATED: 2·4·19   BY: DAVID A. BOCIAN
Kessler, Topaz, Meltzer & Check, LLP
*Counsel for Relator Jean Brasher*

APPROVED AND SO ORDERED.

②

BY THE COURT:

2/5/2019.

_____
HONORABLE EDUARDO C. ROBRENO
*Judge, United States District Court*

② The case shall be marked closed.